IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAIG A. BATES and
KARLA R. BATES,

        Plaintiffs,

v.                                                           Case No. 19-1101-JWB

GUY M. FLEMMING, GUYCAT, LLC, and
PRATT COUNTY, KANSAS,

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Guy Flemming's motion to dismiss Plaintiffs' amended complaint in part (Doc. 13). The motion has been fully briefed and is ripe for decision. (Docs. 14, 17, 19.) Defendants' motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

    **I.**    **Facts and Procedural History**

The following facts are taken from the allegations in Plaintiff's amended complaint. Plaintiffs Craig and Karla Bates are residents of Pratt County, Kansas. On April 15, 2011, Plaintiffs and Flemming entered into a contract for the purchase of real property located at 211 Austin, Pratt, Kansas. Flemming or his agent drafted the contract. As of January 30, 2006, and at the time of the contract, the owner of the property was Defendant GuyCat, LLC ("Guycat"). Guycat is a forfeited Kansas Limited Liability Company and its only member was Flemming.[1]

---

[1] Guycat has not appeared in this action and it is not clear from the state court records as to whether Guycat has been properly served under Kansas law.

At the time of the contract, the property was subject to a mortgage and the mortgagor was Flemming.

The terms of the contract stated that the total purchase price was $60,000. Plaintiffs had to put forth an initial deposit of $5,500.00 and perform $5,000.00 in improvements to the property. The contract stated that the "balance due [Flemming] by promissory note of the [Plaintiffs] subject to the requirements set forth in this contract is …$49,500.00." (Doc. 11, Exh. A at 1.) The terms of the contract required Plaintiffs to pay monthly premiums for a fire insurance policy that was maintained by Flemming. The term of the contract stated that "seller shall maintain fire policy insurance on said real estate in an [sic] type approved by the current mortgage holder. Buyer should have own renters['] insurance to cover buyers [sic] own personal property. Fire policy only covers dwelling." (Doc. 11, Exh. A at 1.) Plaintiffs allege that the parties understood and intended the property insurance to be for the benefit of the parties and to protect the interests of all parties. (Doc. 11 at 4.) Plaintiffs allege that the parties conduct during the performance of the contract supported this interpretation. For example, in 2017, there was a claim made to insurance due to damage to a shed on the property. The parties discussed and agreed as to how the proceeds would be spent as a result of the insurance payout.

Plaintiffs also had to pay the property taxes and make monthly installment payments at a rate of 14%. The monthly portion for property taxes and insurance was calculated to be $220.68 per month for the year 2011. That amount was to change depending on the current rate of taxes and insurance. The monthly payment in 2011 was $836.22 for principal, interest, property taxes, and insurance, for a term of 20 years. That amount was to be paid by Plaintiffs into Flemming's account at First State Bank in Pratt. Plaintiffs allege that these additional amounts for property

taxes and insurance were to be placed in escrow. Flemming controlled the escrow account that held the funds for the payment of property taxes and insurance.

On January 25, 2018, the property was completely destroyed by fire. Five members of Plaintiffs' family also perished in the fire. At that time, Plaintiffs had made all monthly payments. Over the duration of the contract, Plaintiffs had made $55,000.00 in payments. After the fire, Flemming collected $260,000.00 from the insurance company.

Plaintiffs initially filed this action in Pratt County District Court against Flemming and Guycat. (Doc. 1.) The action was removed to this court. After removal, Flemming moved to dismiss the state court petition. (Doc. 6.) Plaintiffs then filed an amended complaint. (Doc. 11.) In the amended complaint, Plaintiffs bring several claims against Flemming and GuyCat, including breach of contract, breach of fiduciary duty, common law usury, unjust enrichment, breach of good faith, and violations of the Kansas Consumer Protection Act ("KCPA"). Plaintiffs also seek declaratory relief. (Doc. 11.) Additionally, Plaintiffs added Pratt County as a defendant. Flemming now moves to dismiss the vast majority of Plaintiffs' claims. Flemming does not seek dismissal of Plaintiffs' claims for declaratory relief under K.S.A. 16-207 and 60-1002. (Docs. 13; 14 at 16.) After a review of the amended complaint, the court entered a show cause order on July 3, 2019, regarding Plaintiffs' addition of Pratt County to this matter as Pratt County is a non-diverse defendant. (Doc. 18.) The parties have now addressed the issue raised by the court in the show cause order. (Docs. 22, 23, 25, 26, 27.)

**II.     Motion to Dismiss Standards**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiffs will ultimately prevail, but whether Plaintiffs are entitled to offer evidence to support their claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III.  Analysis**

**a.  Pratt County**

As set forth in this court's order to show cause, after a case is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If a party is an indispensable party to the action, the court must remand the action. *See Brooks v. UMB Bank, N.A.*, No. 12-2284-JAR-KGG, 2012 WL 4856983, at *2 (D. Kan. Oct. 12, 2012).

> A party is indispensable if:
>
> (1)(A) in that person's absence, the court cannot accord complete relief among existing parties, or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the

interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Flemming and Pratt County argue that Pratt County is not an indispensable party to this action as Pratt County's interest in the property will not be impaired by the outcome of this litigation. Plaintiffs argue that Pratt County is an indispensable party because it has an interest in the property due to the tax liens. Flemming argues that the tax lien against the property is not extinguished in the event that the property changes ownership, citing K.S.A. 79-1804. Moreover, a review of the amended complaint shows that Plaintiffs are not seeking any relief from Pratt County. The allegations regarding Pratt County merely state that Pratt County might claim some right to title. Plaintiffs do not, however, challenge the property tax levied against the property. Pratt County asserts that it has no interest in this action beyond its status as a taxing authority and that Plaintiff has not sought to invalidate the tax lien in this action.

Turning to Rule 19(a)(1)(A), a party is indispensable if complete relief cannot be awarded among the existing parties. Based on the allegations in the amended complaint, complete relief can be awarded. While Plaintiffs allege that they have paid the property taxes to Flemming, Plaintiffs do not seek that amount from Pratt County. Rather, Plaintiffs seek a declaration regarding the title to the property. As a tax lien would remain on this property and there is no challenge to that tax lien, complete relief can be awarded among the parties.[2]

Turning to Rule 19(a)(1)(B), a party is indispensable if it claims an interest in the subject matter of this action and that interest would be impaired or an existing party could incur inconsistent obligations. As discussed, Pratt County states that it has no interest beyond that of a

---

[2] The tax lien has now been paid. (Docs. 25, 26.) This does not end the inquiry, however, as the court is to consider the amended complaint at the time of the filing. *See Fotouhi v. Mobile RF Sols., Inc.*, No. 15-2587-JWL, 2015 WL 1427139, at *1 (D. Kan. Mar. 27, 2015) (discussing the time-of-filing rule).

taxing authority. That interest is not impaired by an outcome in this litigation as no party has challenged the propriety of the taxes. Although Plaintiffs generally cite authority regarding property interests in their brief, Plaintiffs do not cite any authority that would assert that a taxing authority is an indispensable party when the tax lien is not being challenged in a quiet title action.

Therefore, the court finds that Pratt County is not an indispensable party to this action. Alternatively, Plaintiffs seek a finding that they may join Pratt County as a permissible party under Rule 20. (Doc. 22 at 5.) The court declines to allow permissible joinder as that would destroy diversity jurisdiction in this matter.

As Pratt County is not an indispensable party to this action, the court denies joinder. Pratt County is dismissed from this action. *See* 28 U.S.C. § 1447(e); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *see Mayes v. Rapoport,* 198 F.3d 457, 462, n. 11 (4th Cir. 1999).

### b. K.S.A. 16-207

Flemming moves to dismiss Plaintiffs' claim under K.S.A. 16-207 in part, asserting that offensive usury is not authorized under the statute.[3] The usury statute provides limits to interest on certain contracts or agreements. At the time the contract was entered into, the statute provided as follows:

> The maximum rate of interest per annum for notes secured by real estate mortgages and contracts for deed to real estate governed by this subsection shall be at an amount equal to 1 ½ percentage points above the yield of thirty-year fixed rate conventional home mortgages committed for delivery within 61 to 90 days accepted under the federal home loan mortgage corporation's daily offerings for sale on the last day on which commitments for such mortgages were received in the preceding month unless otherwise specifically authorized by law.

K.S.A. 16-207(b) (1999).

---

[3] Flemming does not seek dismissal of Plaintiffs' request for declaratory relief under the statute.

Flemming argues that Plaintiffs cannot seek monetary damages offensively under this statute, citing *George v. Capital S. Mortg. Investments, Inc*., 265 Kan. 431, 458, 961 P.2d 32, 50 (1998). Flemming has accurately stated the law in Kansas. The usury statute cannot be used offensively. *Id.* Plaintiffs, however, argue that the statute can be used as a setoff and that Plaintiffs should be able to recover the usurious interest. Essentially, Plaintiffs argue that it is bizarre and unjust that Plaintiffs could utilize this statute in the event Flemming had brought an action against Plaintiffs, but that Plaintiffs cannot use this statute in an action against Flemming. (Doc. 17 at 6.) Plaintiffs also claim that Flemming intends to sell the property, without consideration of Plaintiffs' interest in the property. Plaintiffs, however, have not cited any authority which would provide the right to recover the usurious interest paid by Plaintiffs bringing an action under this statute. The Kansas Supreme Court has held that "K.S.A. 16–207 does not authorize an offensive usury action; it only authorizes the defensive use of a usury claim." *George*, 265 Kan. at 458.

Therefore, to the extent that Plaintiffs' amended complaint seeks to recover the interest paid in violation of this statute, such a claim is not permitted under Kansas law to be brought under this statute.

### c. Common Law Usury Claim

Kansas law, however, does allow a plaintiff to bring a common law usury claim. *See Young v. Barker*, 185 Kan. 246, 257-58, 342 P.2d 150 (1959). Flemming moves to dismiss this claim on the basis that the contract must be a loan or forbearance in order to state a claim of common law usury. (Doc. 14 at 3-4.) Flemming cites to *Gen. Motors Acceptance Corp. v. Mid-W. Chevrolet Co*., 66 F.2d 1, 4–5 (10th Cir. 1933) and *State ex rel. Fatzer v. Miller*, 177 Kan. 324, 331, 279 P.2d 223, 229 (1955) in support of his position. The Tenth Circuit case, however,

was applying Oklahoma law. The Kansas Supreme Court case, *Miller*, was decided prior to Kansas holding that a plaintiff may bring a common law usury claim. Therefore, Kansas had not yet discussed what was required in order to successfully bring a common law usury claim. In *Young*, however, the court approved such a claim based on the statutory limit of interest for the contract at issue. *Young*, 185 Kan. at 257-58.

The holding in *Young* has been consistently interpreted as creating a common-law cause of action so that a plaintiff may recover interest charged in excess of the usury statute. *Beltz v. Dings*, 27 Kan. App. 2d 507, 513, 6 P.3d 424, 430 (2000) (citing *George*, 265 Kan. at 457). The statute clearly provided a limit to an interest rate charged under a contract for deed. The court in *Beltz* determined that the plaintiff had stated a claim of common law usury when the seller charged interest in excess of the usury statute in a contract for deed. *Id.* The court is not persuaded by Flemming's argument that a plaintiff cannot bring a common law usury claim for a contract for deed because such a document is not loan. Kansas law does not allow a buyer to use the usury statute offensively, but it creates a common law claim based on the limits set forth in the statute. *George*, 265 Kan. at 458. Clearly, the usury statute at issue specifically provided for a limit on the interest charged in a contract for deed. Based on that statute, Kansas has determined that interest in excess of that rate is usurious. Flemming has not cited any authority for the proposition that the common law usury claim does not apply to certain contracts that were expressly addressed in the usury statute. Therefore, the court finds that Plaintiffs may proceed on their common law usury claim as the interest charged has been alleged to be in excess of that allowed by statute at the time the contract was entered into. *See Beltz*, 27 Kan. App. 2d at 513.

Flemming's motion to dismiss the common law usury claim is denied.

### d. Equitable Foreclosure

In count three, Plaintiffs seek a determination of their interest in the property under K.S.A. 60-1002 and equitable foreclosure. (Doc. 11 at 7.) Flemming moves to dismiss Plaintiffs' claim for equitable foreclosure on the basis that Kansas law does not provide for such a foreclosure. Plaintiffs argue that such an action may be maintained and cite to *Mustard v. Sugar Valley Lakes*, 7 Kan. App.2d 340, Syl. ¶ 1, 642 P.2d 111 (1981) for the proposition that a "purchaser of land under an installment contract for deed is entitled to equitable foreclosure." (Doc. 17 at 5.) That statement by the court in *Mustard* is contained in the syllabus. A later panel of the Court of Appeals held that the syllabus statement is an "unqualified proposition." *Dallam v. Hedrick*, 16 Kan. App. 2d 258, 263, 826 P.2d 511, 514 (1990). In *Dallam*, the defendants asserted that they were entitled to an equitable foreclosure on their contract for deed, citing *Mustard*. The *Dallam* court reviewed the *Mustard* decision and determined that the statement regarding equitable foreclosure was contained in the syllabus section but that the opinion did not support the statement. *Id.* The court agrees. Reviewing the opinion, it appears that the issue of equitable foreclosure was abandoned on appeal in *Mustard*. 7 Kan. App.2d at 342. The only other case to cite *Mustard* for this proposition used it to support the conclusion that a vendor could foreclose on a purchaser. *See Barnett v. Oliver*, 18 Kan. App. 2d 672, 678, 858 P.2d 1228, 1234 (1993). Plaintiffs cite no other authority for the proposition that they may foreclose on the contract as the purchaser. Therefore, the court grants Flemming's motion to dismiss Plaintiffs' claim of equitable foreclosure.

Plaintiffs' response also suggests that the court should allow a partition. (Doc. 17 at 11.) Kansas law provides a statutory procedure for partition. *See* K.S.A. 60-1003. Plaintiffs' amended complaint does not set forth a claim for partition. Therefore, the court will not construe Plaintiffs' amended complaint as seeking a partition.

Flemming's motion to dismiss Plaintiffs' claim of equitable foreclosure is granted.

**e. Funds in Escrow**

Plaintiffs seek a determination of the owner of the funds that are allegedly held in escrow. (Doc. 11 at 8.) Flemming moves for dismissal of this requested relief on the basis that Plaintiffs do not have standing to recover these funds. Flemming contends that the funds are the property of the insurance company or Pratt County. Flemming, however, cites no authority to support his position. The allegation in the amended complaint is that Plaintiffs have paid funds that were to be held in escrow towards insurance and taxes. Plaintiffs have sufficiently alleged that they have an interest in those funds and alleged that Flemming used those funds for his own interest. Therefore, the court finds that they have standing on this claim.

Flemming's motion to dismiss this claim is denied.

**f. Breach of Contract**

Plaintiffs assert that Flemming breached the contract by failing to include Plaintiffs as beneficiaries on the insurance policy, failing to maintain the policy on behalf of both parties, failing to deliver Plaintiffs' portion of the insurance proceeds, and failing to pay the property taxes. To state a claim for breach of contract under Kansas law, Plaintiffs must show: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the [Plaintiffs'] performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to [Plaintiffs] caused by the breach." *Lawson v. Spirit AeroSystems, Inc.*, No. 18-CV-01100-EFM-KGS, 2018 WL 3973150, at *5 (D. Kan. Aug. 20, 2018) (citing *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1098 (2013)).

Flemming moves for dismissal on the basis that the contract terms do not require him to maintain the insurance policy on behalf of Plaintiffs or pay Plaintiffs upon a loss. Flemming also

asserts that Plaintiffs have not suffered damages due to his failure to pay the property taxes on the property.

"The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the contract language without applying rules of construction." *Carrothers Const. Co. v. City of S. Hutchinson*, 288 Kan. 743, 751, 207 P.3d 231, 239 (2009) (citing *Anderson v. Dillard's, Inc.*, 283 Kan. 432, 436, 153 P.3d 550 (2007)). "Ambiguity in a contract does not appear until two or more meanings can be construed from the contract provisions." *Id.* (citing *Gore v. Beren*, 254 Kan. 418, 426–27, 867 P.2d 330 (1994)). In interpreting the contract, the court should not isolate any particular provision but construe the entire contract together. *Wichita Clinic, P.A. v. Louis*, 39 Kan. App. 2d 848, 853, 185 P.3d 946, 951 (2008). "The law favors reasonable interpretations, and results which vitiate the purpose of the terms of the agreement to an absurdity should be avoided." *Id.* (citing *Johnson County Bank v. Ross*, 28 Kan.App.2d 8, 10–11, 13 P.3d 351 (2000)).

The terms of the contract regarding property insurance include the following: "Seller shall maintain fire policy insurance on said real estate in an [sic] type approved by the current mortgage holder. Buyer should have own renters['] insurance to cover buyers [sic] own personal property. Fire policy only covers dwelling…. Craig and Karla Bates - 211 Austin Street, Pratt Kansas 67124[.] Taxes 2011 $1046.12 Insurance 2011 $1602.11." (Doc. 11, Exh. A.)

Flemming argues that no breach has occurred because the contract did not require him to 1) name Plaintiffs on the policy; 2) maintain a policy for the benefit of all parties; 3) deliver the proceeds; or 4) pay premiums after the fire. (Doc. 14 at 7.) Plaintiffs have alleged that the parties intended and understood that the insurance was to be for the benefit of both parties in

order to protect their interests. (Doc. 11 at 4.) Although Flemming argues that the contract cannot be reasonably interpreted to read that Flemming was required to maintain the policy for both parties, Flemming does not sufficiently address what the contract required him to do. Essentially, Flemming is arguing that a reasonable interpretation of the contract is that the property insurance was only purchased to cover his interest in the real property. That is not a reasonable reading of the contract. The contract states that Flemming must maintain the fire policy on the property, which was being purchased by Plaintiffs. The contract also specifically states that Plaintiffs would need a separate policy to protect any personal items in the home. The fire policy was to cover the dwelling. Under Kansas law, Plaintiffs are the equitable owners of the real property and the seller retains title as security for the contract. *Minium v. City of Morland*, No. 107,689, 2013 WL 517927, at *5 (Kan. Ct. App. Feb. 8, 2013) ("Kansas courts consistently have held that a purchaser in a sale of real estate under an installment land contract (also called a contract for deed by Kansas courts) 'becomes the equitable owner of the realty' and the seller is the 'holder of the legal title.'" *Graham v. Claypool*, 26 Kan.App.2d 94, 95–96, 978 P.2d 298 (1999).") Therefore, as equitable owners of the real estate, it would not be reasonable to interpret the contract to only require the insurance policy to cover Flemming's interest especially in light of the provision regarding Plaintiffs' personal property and the fact that Plaintiffs were responsible for paying the premiums by paying the insurance premium into the monthly escrow account. Reading the contract as a whole, the court finds that a reasonable interpretation of the contract required Flemming to maintain the policy for Plaintiffs and Flemming as they both had an interest in the property.

Therefore, Plaintiffs have sufficiently alleged that Flemming breached the contract by failing to protect their interest in the property by not maintaining the policy for all parties'

interest in the property. As evidenced by the parties' conduct, maintenance would include distributing the proceeds to Plaintiffs to account for their interest in the property after a loss occurs. Plaintiffs offer no argument that maintenance of the fire policy includes naming Plaintiffs as additional insureds. Plaintiffs, however, may proceed on this theory under their claim for breach of fiduciary duty and breach of duty of good faith and fair dealing as discussed *infra*.

Flemming also argues that Plaintiffs' allegation of breach regarding the failure to pay taxes must be dismissed because Plaintiffs have suffered no damages as a result. The amended complaint, however, states that Flemming has converted the money to his own use instead of using the funds to pay those taxes, which is sufficient to show economic harm to Plaintiffs. Therefore, this is sufficient to state a claim of breach of contract.

Flemming's motion to dismiss Plaintiffs' breach of contract claim is denied.

### g. Breach of Fiduciary Duty

Flemming argues that Plaintiffs' claim of breach of fiduciary duty must be dismissed because it is based on the same breaches as Plaintiffs' claim for breach of contract. (Doc. 14 at 10.) Kansas law, however, allows a plaintiff to bring both tort and contract claims under common facts. *Pipeline Prods., Inc. v. Horsepower Entm't*, No. CV 15-4890-KHV, 2017 WL 4536420, at *3–4 (D. Kan. Oct. 11, 2017) (citing *Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130, 145-46 (Kan. 2003). Under Kansas law, "a party may be liable in tort for breaching an independent duty toward another, even where the relationship creating such a duty originates in the parties' contract." *Universal Premium Acceptance Corp. v. Oxford Bank & Tr.*, 277 F. Supp. 2d 1120, 1129-30 (D. Kan. 2003).

As discussed, Flemming had a duty under the contract to maintain an insurance policy on behalf of Plaintiffs. Viewing the allegations in a light most favorable to Plaintiffs, they have alleged that this duty created a relationship of principal and agent and that Flemming served as Plaintiffs' agent with respect to the maintenance of the insurance policy out of the escrow account over which Flemming had control. (Doc. 11 at 10-11.) Under Kansas law, an agency relationship created under a contract is a fiduciary relationship. *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 340 F. Supp. 2d 1189, 1197–98 (D. Kan. 2004), *aff'd sub nom. Terra Venture, Inc. v. JDN Real Estate Overland Park, L.P.*, 443 F.3d 1240 (10th Cir. 2006). An agency is created when one party "confides to the other the management of some business to be transacted in his name, or on his account, and by which the other assumes to do the business and to render an account of it." *Gillespie v. Martin, Pringle, Oliver, Wallace & Swartz*, 258 Kan. 91, 93, 899 P.2d 478, 480 (1995) (citing *Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438 at 446 [827 P.2d 24] (1992)).

Plaintiffs have alleged that Flemming breached his duty to maintain the policy by failing to name Plaintiffs as additional insureds. Plaintiffs have alleged that Flemming was responsible for the maintenance of the escrow account and was required to forward payments made by Plaintiffs to the insurance company. (Doc. 11 at 11.) Plaintiffs have also alleged that Flemming retained the remaining escrow funds, did not pay taxes with the funds, and spent those remaining escrow funds. (Doc. 11 at 8.)

A liberal reading of the amended complaint shows that Flemming was an agent with respect to the escrow funds supplied by Plaintiffs and the handling of the insurance and the taxes out of those escrow funds. At this stage of the proceedings, the court finds that Plaintiffs have sufficiently alleged a breach of fiduciary duty under Kansas law.

### h. Unjust Enrichment

Flemming moves for dismissal of Plaintiffs' claim of unjust enrichment on the basis that Plaintiffs did not confer a benefit on Flemming. In order to state a claim of unjust enrichment, Plaintiffs must allege that "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated and has knowledge of the benefit; and (3) the defendant accepted and retained the benefit under circumstances that make the retention unjust." *Univ. of Kan. Hosp. Auth. v. Bd. of Comm'rs*, 299 Kan. 942, 960, 327 P.3d 430, 441 (2014).

The allegations in the amended complaint are that Plaintiffs conferred a benefit on Flemming by paying all the insurance premiums which resulted in a payment to Flemming of $246,500.00 more than what was due on the remaining balance on the contract. Flemming argues that these allegations are not sufficient to state a claim because the insurance company paid out on the loss, not Plaintiffs. The court is not persuaded by Flemming's argument. Clearly, the policy was in effect as a result of Plaintiffs' payments. Therefore, Plaintiffs' actions in paying the premiums resulted in Flemming receiving the benefit. Moreover, with respect to an action related to insurance proceeds, Kansas authority has not required that the benefit be conferred on the defendant by the plaintiff. *See Grothe v. Grothe*, No. 109,002, 2014 WL 5801003 at *6 (Kan. Ct. App. Oct. 31, 2014) (citing *Estate of Draper v. Bank of America*, 288 Kan. 510, Syl. ¶ 6, 205 P.3d 698 (2009)) (The elements of unjust enrichment are: "(1) a benefit has been conferred upon the defendant, (2) the defendant retains the benefit, and (3) under the circumstances, the defendant's retention of the benefit is unjust.")

The court finds that the allegations in the amended complaint sufficiently state a claim of unjust enrichment. Flemming's motion to dismiss this claim is denied.

### i. Constructive Trust

In Kansas, a "constructive trust is a remedy for unjust enrichment." *Id.* Flemming moves for dismissal of Plaintiffs' claim for a constructive trust on the basis that Plaintiffs have not sufficiently stated a claim for unjust enrichment. (Doc. 14 at 11-12.) Because the court has determined that Plaintiffs have stated a claim for unjust enrichment, Flemming's motion to dismiss this claim for relief on that basis is denied.

### j. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' amended complaint alleges that Flemming breached his duty of good faith and fair dealing by failing to name Plaintiffs as insureds under the policy; by retaining all of the insurance proceeds; by retaining the money held in escrow; by "destroying [Plaintiffs'] fruits of the Contract, ownership of the Property;" and by failing to account for the insurance proceeds. (Doc. 11 at 14.) Flemming moves to dismiss this claim on the basis that Flemming has not breached the contract and is not obligated to perform the duties allegedly breached. (Doc. 14 at 12-13.)

"Kansas law implies a duty of good faith in every contract." *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, 168 F. Supp. 3d 1334, 1345 (D. Kan. 2016). This duty grows out of the contract obligations and "only amplifies duties and rights already existing under the terms of the agreement." *Id.* (citing *Pizza Mgmt., Inc. v. Pizza Hut, Inc.*, 737 F. Supp. 1154, 1179 (D. Kan. 1990)). This duty includes "not intentionally and purposely … do[ing] anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Warkentine v. Salina Pub. Sch., Unified Sch. Dist. No. 305*, 921 F. Supp. 2d 1127, 1134 (D. Kan. 2013) (quoting *Bonanza, Inc. v. McLean*, 242 Kan. 209, 747 P.2d 792, 801 (1987)). "[I]n order to prevail on an implied duty of good faith and fair dealing theory under Kansas law, plaintiffs must (1) plead a cause of action for 'breach of contract,' not a separate

cause of action for 'breach of duty of good faith,' and (2) point to a term in the contract 'which the defendant[ ] allegedly violated by failing to abide by the good faith spirit of that term.'" *Id.* (citing *Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996) (quoting *Pizza Management, Inc. v. Pizza Hut, Inc.*, 737 F. Supp. 1154, 1184 (D. Kan. 1990)).

This claim is not a separate claim, but rather a "legal argument related to a breach-of-contract claim." *Classico, LLC v. United Fire & Cas. Co.*, 386 P.3d 529, 2016 WL 7324451, *5 (Kan. Ct. App. Dec. 16, 2016). To the extent Plaintiffs are pleading this as a separate claim of action, it is dismissed. However, the court finds that Plaintiff has sufficiently alleged that Flemming breached the contract by failing to act in good faith in carrying out the terms of the contract.

As discussed, *supra*, under the terms of the contract Flemming must maintain the insurance policy on behalf of Flemming and Plaintiffs. As such, Flemming is required to act in good faith in carrying out that duty. Based on the allegations in the amended complaint, Flemming has not maintained the policy on behalf of Plaintiffs, he failed to name Plaintiffs as additional insureds, has retained the insurance proceeds even though Plaintiffs have an interest in the property, and has retained the escrow funds. Therefore, the court finds that Plaintiffs have sufficiently alleged a theory of breach of the duty of good faith and fair dealing in carrying out Flemming's contractual duty to maintain insurance on the property.

Flemming's motion to dismiss this claim is granted in part. Plaintiffs may pursue this theory under their breach of contract claim at trial.

**k. KCPA**

Finally, Plaintiffs have alleged a claim under the KCPA. Plaintiffs allege that Flemming's actions with respect to the contract were unconscionable in that Plaintiffs were

unable to receive a material benefit from the transaction and the contract price grossly exceeded the price of similar property. (Doc. 11 at 15.) Flemming moves to dismiss this claim on the basis it is barred by the statute of limitations, there is no allegation of deceptive conduct, and the damages were caused by the fire and not Flemming. (Doc. 14 at 15-16.)

Plaintiffs bring their claims pursuant to K.S.A. 50-627. That statute provides that "no supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction." *Id.* The statute also instructs that an unconscionable act occurs when "the consumer was unable to receive a material benefit from the subject of the transaction." *Id.* The statute of limitations on a KCPA claim is three years and the claim "accrues when the KCPA violation occurs." *Schneider v. Citibank, NA*, No. 13-4094-SAC, 2014 WL 219339, at *10 (D. Kan. Jan. 21, 2014) (citing K.S.A. 60-512).

Plaintiffs assert that their claim regarding the contract price is not barred by the statute of limitations because Plaintiffs continued to make payments on the contract. Plaintiffs, however, do not cite any authority for their position. The transaction was entered into in 2011. Therefore, any claim regarding the unconscionable terms with respect to price and interest would be barred by the applicable statute of limitations. *See id.* (the continuing contract exception does not apply to the KCPA).

Plaintiffs have also alleged that Flemming violated the KCPA by failing to deliver the insurance proceeds and that Plaintiffs have been damaged as they lost their home and received nothing in return. This claim did not accrue until 2018. Therefore, it is not barred by the statute of limitations.

Flemming argues that Plaintiffs' allegations are insufficient to meet the pleading standard as Plaintiffs just recite the language from the statute. As discussed, the statute requires that a supplier engage in an unconscionable act with respect to a consumer transaction. K.S.A. 50-627. The amended complaint alleges that Flemming and GuyCat are suppliers as defined by K.S.A. 50-624(l). The statute defines "supplier" as a "manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. 50-624(l). Reviewing the amended complaint, there are no facts that would support a finding that Flemming is a supplier. Although Flemming has engaged in this sale transaction, Plaintiffs have not alleged sufficient facts showing that he engages in consumer transactions in the ordinary course of his business. Therefore, as Plaintiffs have only made conclusory allegations that Flemming is a supplier, Plaintiffs have failed to sufficiently allege a claim under the KCPA.

Flemming's motion to dismiss Plaintiffs' claim under the KCPA is granted.

**IV.    Conclusion**

Defendants' motion to dismiss (Doc. 13) is GRANTED IN PART and DENIED IN PART. Pratt County is DISMISSED from this action. The following claims are DISMISSED: Plaintiffs' claim pursuant to K.S.A. 16-207 for monetary damages; Plaintiffs' claim for equitable foreclosure; and Plaintiffs' KCPA claim.

IT IS SO ORDERED this 3rd day of September, 2019.

                                                    ___s/ John W. Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE