# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CRAIG A. BATES and )
KARLA R. BATES, )
 )
        Plaintiffs, )
 )
vs. ) Case No. 19-1101-JWB-KGG
 )
GUY M. FLEMMING and )
GUYCAT, LLC, *et al.*, )
 )
        Defendants. )
 )

## MEMORANDUM & ORDER
## ON MOTION FOR SANCTIONS

Plaintiffs initially moved for an extension of the discovery deadline, sought to allow remote depositions by video, and requested sanctions against Defendant Guy Flemming, who represents himself *pro se*, as a result of his alleged behavior relating to scheduling the deposition of Flemming's wife, Kathryn Makekau. (Doc. 57.) A conference with the Court on July 15, 2020, resolved most of the parties disputes, leaving only the issue of sanctions remaining. For the reasons set forth herein, the Court **DENIES** Plaintiffs' request for sanctions.

1

## **FACTS**

The facts of the case are summarized in the District Court's Memorandum & Order on Defendant's Motion to Dismiss. (Doc. 28, at 1-3.) Those facts are incorporated herein by reference.

Plaintiffs Craig and Karla Bates entered into a contract, drafted by Flemming or his agent, for the purchase of real property located at 211 Austin, Pratt, Kansas, on April 15, 2011. At the time the contract was executed, Defendant GuyCat, LLC ("GuyCat") was the owner of the property. GuyCat is a forfeited Kansas Limited Liability Company and its only member was Flemming.

The present matter was initially filed in the District Court of Pratt County, Kansas on January 23, 2019, before being removed to federal court by Flemming on April 29, 2019. (Doc. 1.) The next day, Flemming filed his initial Motion to Dismiss for failure to state a claim. (Doc. 6.) Plaintiffs filed their response to the dispositive motion on May 21, 2019. (Doc. 10.) In conjunction with their response and pursuant to Fed.R.Civ.P. 15(a), Plaintiffs filed their First Amended Complaint. (Doc. 11.)

The amended pleading brings several claims against Defendants Flemming and GuyCat, including breach of contract, breach of fiduciary duty, common law usury, unjust enrichment, breach of good faith, and violations of the Kansas Consumer Protection Act ("KCPA"). (*See* Doc. 11.) Plaintiffs requested the Court

determine their interest in real property located in Pratt, Pratt County, Kansas as to Defendant Pratt County, Kansas and Defendants Flemming and GuyCat, LLC. (Doc. 11 at 7-8.) Flemming concedes the Court should resolve Plaintiffs' request to determine the interests in the real property. (Doc. 14, at 16.) In ruling on the Motion to Dismiss, the District Court ultimately dismissed Pratt County from this action and also dismissed Plaintiffs' claim pursuant to K.S.A. 16-207 for monetary damages, Plaintiffs' claim for equitable foreclosure, and Plaintiffs' KCPA claim. (*See* Doc. 28.)

As to the motion currently pending, Plaintiffs initially requested an extension of the discovery deadline, sought to allow remote depositions by video, and requested sanctions against Defendant Guy Flemming, who represents himself *pro se*, as a result of his alleged behavior relating to scheduling the deposition of Flemming's wife, Kathryn Makekau. (Doc. 57.) A conference with the Court on July 15, 2020, resolved most of the parties disputes, leaving only the issue of sanctions remaining. (*See* Doc. 59, text entry.)

As to that issue, Plaintiffs contend they were "frustrated" in their attempts to depose Flemming's wife, Kathryn Makekau. (Doc. 58, at 15.) These alleged frustrations included 1) Flemming proposing deposition dates other than those first offered by Plaintiffs' counsel, 2) certain alleged difficulties serving Ms. Makekau with her deposition notice, 3) Ms. Makekau submitting a letter from a physician's

assistant, after Flemming's deposition, in which the physician's assistant advised that she not attend the deposition because of CDC guidelines relating to COVID-19.  (Doc. 58, at 15-16.)

Plaintiffs complain that "Flemming never informed counsel about this letter or Makekau's intent to wait until Flemming left his deposition to send the letter to counsel." (*Id*., at 16.)  Plaintiffs also indicate that they "do not believe Flemming's fear of COVID-19, nor do they believe that he has a medical condition that required him to terminate his June 22 deposition and not attend his June 23 rescheduled deposition, because Plaintiffs see a concerned and coordinated pattern to frustrate their depositions." (*Id*.)

Plaintiffs contend that they had "every intention of deposing Ms. Makekau following her husband's deposition in their initial trip to North Carolina and it was Flemming that prevented that deposition from occurring." (*Id*., at 17.)  That stated, Plaintiffs concede they "do not know how much fruit a deposition of Ms. Makekau will produce and won't depose her if they are allowed to conduce Flemming's deposition remotely" although Flemming listed her as someone with "discoverable information 'about the proceeds of the insurance claim.'" (*Id*., at 16-17.)  Plaintiffs are seeking the sanction against Flemming of their expenses and reasonable attorney fees "for his frustrating of the deposition of his wife." (*Id*., at 17.)

4

## **DISCUSSION**

Pursuant to Fed.R.Civ.P. 30(d)(2), a court "may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." *See also* **Cerda v. Cillessen & Sons, Inc. Eyeglasses**, Case No. 19-1111-JWB, 2020 WL 4500721 (D. Kan. Aug. 5, 2020). Sanctions are "warranted" when this occurs. **Layne Christensen Co. v. Bro-Tech Corp**., No. 09-2381-JWL-GLR, 2011 WL 6934112, at *2 (D. Kan. Dec. 30, 2011).

Plaintiffs are operating under the assumption that Flemming and his wife's concerns about COVID-19 are insincere. Plaintiffs have no objective evidence to support such a naked assumption. Given the current stated of affairs in the United States, the Court is unwilling to dismiss the concerns of Flemming and his wife without supporting evidence. On the other hand, Flemming's wife submitted a letter signed by a health care professional advising that she not attend the deposition because of CDC guidelines relating to COVID-19. (Doc. 58, at 15-16.) Further, Plaintiffs concede that they "do not know how much fruit" the deposition would produce and do not even intend to depose her if they are allowed to conduce Flemming's deposition remotely. (*Id.*)

Under these circumstances, the Court finds that Plaintiffs have failed to establish that sanctions are justified. Plaintiffs' motion is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Plaintiffs' motion for sanctions (Doc. 57) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of August, 2020.

>S/ KENNETH G. GALE
>KENNETH G. GALE
>United States Magistrate Judge