## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CRAIG A. BATES and )
KARLA R. BATES, )
　 )
Plaintiffs, )
　 )
v. ) Case No. 19-1101-JWB-KGG
　 )
GUY M. FLEMMING, *et al.*, )
　 )
Defendants. )
_____ )

## MEMORANDUM & ORDER
## GRANTING MOTION TO AMEND

Now before the Court is Plaintiffs' Motion to Amend Complaint pursuant to Fed.R.Civ.P. 15. (Doc. 65.) Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED**.

## FACTUAL BACKGROUND

The facts of the case are summarized in the District Court's Memorandum & Order on Defendant Flemming's Motion to Dismiss. (Doc. 28, at 1-3.) Those facts are incorporated herein by reference.

Plaintiffs Craig and Karla Bates entered into an installment contract, drafted by Flemming or his agent, for the purchase of real property located at 211 Austin, Pratt, Kansas, on April 15, 2011. At the time the contract was executed, Defendant

GuyCat, LLC ("GuyCat") was the owner of the property.  GuyCat is a forfeited Kansas Limited Liability Company and its only member was Flemming.

The present matter was initially filed in the District Court of Pratt County, Kansas on January 23, 2019, before being removed to federal court by Flemming on April 29, 2019.  (Doc. 1.)  The next day, Flemming filed his initial Motion to Dismiss for failure to state a claim.  (Doc. 6.)  Plaintiffs filed their response to the dispositive motion on May 21, 2019.  (Doc. 10.)  In conjunction with their response and pursuant to Fed.R.Civ.P. 15(a), Plaintiffs filed their First Amended Complaint.  (Doc. 11.)

The amended pleading brings several claims against Defendants Flemming and GuyCat, including breach of contract, breach of fiduciary duty, common law usury, unjust enrichment, breach of good faith, and violations of the Kansas Consumer Protection Act ("KCPA").  (*See* Doc. 11.)  Plaintiffs requested the Court determine their interest in real property located in Pratt, Pratt County, Kansas as to Defendant Pratt County, Kansas and Defendants Flemming and GuyCat, LLC. (Doc. 11 at 7-8.)  Flemming conceded the Court should resolve Plaintiffs' request to determine the interests in the real property.  (Doc. 14, at 16.)  In ruling on the Motion to Dismiss, the District Court ultimately dismissed Pratt County from this action and also dismissed Plaintiffs' claim pursuant to K.S.A. 16-207 for monetary damages, Plaintiffs' claim for equitable foreclosure, and Plaintiffs' KCPA claim.

(*See* Doc. 28.)  The undersigned Magistrate Judge interprets the District Court's

opinion as leaving the issue of quiet title in this case, even though equitable

foreclosure was dismissed.

As to the motion currently pending, Plaintiffs contend that during the course

of discovery, including an additional deposition of Defendant Flemming on August

7, 2020, they

> learned that Flemming was married in May 1999 to
> Kathryn L. Makekau.  The marriage, therefore, predates
> Flemming's acquisition of 211 Austin, Pratt, Kansas,
> ("Property"), Flemming's subsequent transferring of that
> property to GuyCat, LLC ("GuyCat") and his 2011 sale
> of the property to the Plaintiffs under a contact for deed.
> The couple were residents of Kansas before their move to
> North Carolina.  Plaintiffs contend that Flemming's wife
> had an inchoate interest in the property when Flemming
> granted the property to GuyCat, she had an inchoate
> interest when he sold the property under the contract for
> deed to Plaintiffs, and that she has an inchoate interest in
> the Property today.
>
> Through the course or discovery, Plaintiffs further
> learned that USAA Casualty Insurance Company paid
> insurance proceeds, as a result of the loss of the residence
> located on the Property, to both Flemming and Makekau.
> Plaintiffs previously alleged that Flemming was unjustly
> enriched by his retention of the insurance proceeds and
> Plaintiffs seek to amend their complaint to allege that
> Makekau was likewise unjustly enriched by her retention
> of the insurance proceeds.

(Doc. 66, at 1-2.)

Plaintiffs thus seek to amend their Complaint to add Kathryn Makekau as a

Defendant.  They also seek to "allege unjust enrichment against Makekau and

request the court also find that Makekau, along with Flemming and GuyCat, hold the insurance proceeds in constructive trust on behalf of the Plaintiffs." (*Id.*, at 2.) Plaintiffs note that the District Court "previously dismissed Plaintiffs' request for equitable foreclosure." (*Id.* (citing Doc. 28, p. 8-9).)  Plaintiffs indicate that they seek to amend the Complaint "to quiet their title in the Property or in the alternative to partition the Property." (*Id.*, at 3.)  According to Plaintiff,

> [a]s Flemming's wife, Makekau has an inchoate interest in the Property.  Plaintiffs' proposed Second Amended Complaint asks the Court to quiet title in the Property in Plaintiffs' favor as to Flemming, Makekau, and GuyCat or, in the alternative, to determine the parties' respective interests and to partition the property pursuant to K.S.A. 60-1003.

(*Id.*)

Defendant Flemming responds to the motion by arguing that the requested amendments to the Complaint are "no more than harassment and intimidation." (Doc. 68, at 1.)  Defendant contends that Plaintiffs were informed by Flemming's attorney that Defendant Flemming was married well "before filing these procedures." (*Id.*)  Defendant also contends that the lawsuit should be against "GUYCAT, LLC as the defendant not GUY Flemming or his wife which had nothing to do with GUYCAT, LLC." (*Id.*)

The Court notes that by the time the revised Scheduling Order was filed on March 2, 2020, the deadline to file a motion to amend had already passed.  (Doc.

50, at 5.)  In fact, that deadline expired on November 15, 2019, pursuant to the

original Scheduling Order.  (Doc. 36, at 7.)  The present motion to amend was filed

on September 23, 2020.

Plaintiffs bring the present motion pursuant to Fed.R.Civ.P. 15(a)(2).

Because the deadline to amend has long passed, however, the Court must also

engage in an analysis to modify the scheduling order pursuant to Fed.R.Civ.P. 16.

(*Id*.)  The Court notes that Plaintiffs' motion makes no reference to this Rule or the

required analysis thereunder.

## ANALYSIS

Before the Court can engage in a Rule 15 analysis, it must analyze Plaintiffs'

requested amendment in the context of Fed.R.Civ.P. 16 because the deadline to

amend pleadings in the original Scheduling Order expired on November 15, 2019,

a week shy of ten months before Plaintiffs filed the present motion.  (Doc. 36, at 7;

Doc. 50, at 5.)  The Scheduling Order must therefore be amended pursuant to

Fed.R.Civ.P. 16 before the Court can engage in a Rule 15 analysis.

Pursuant to Fed.R.Civ.P. 16, "[a] schedule may be modified only for good

cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).  If the Court

determines that good cause has been established, the Court then proceeds to

determine if the Rule 15(a) standard has also been met.

The advisory committee notes to this Rule provide: '[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's note to 1983 amendment; *see also **Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n***, 771 F.3d 1230, 1240 (10th Cir. 2014) ('In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts.' (citation and internal quotation marks omitted)). 'Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.' ***Gorsuch***, 771 F.3d at 1240.

The district court exercises its sound discretion when deciding whether to modify a Scheduling Order. ***Rimbert v. Eli Lilly & Co.***, 647 F.3d 1247, 1254 (10th Cir. 2011) (reviewing a district court's refusal to enter a new scheduling order for abuse of discretion). Despite this 'broad discretion in managing the pretrial schedule,' the Tenth Circuit has concluded that 'total inflexibility is undesirable.' ***Summers v. Mo. Pac. R.R. Sys.***, 132 F.3d 599, 604 (10th Cir. 1997). Also, a scheduling order which produces an exclusion of material evidence is 'a drastic sanction.' *Id.*; *see also **Deghand v. Wal-Mart Stores, Inc.***, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ('While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable.' (citations and internal quotation marks omitted)).

***Little v. Budd Co.***, NO. 16-4170-DDC-KGG, 2018 WL 836292, at *3 (D. Kan. Feb. 13, 2018). "[T]he 'good cause' standard of Rule 16(b) 'focuses on the diligence of the party seeking to modify the scheduling order,' not prejudice to the other party." ***Viper Nurburgring Record, LLC v. Robbins Motor Co., LLC***, No.

6

18-4025-HLT-KGG, 2018 WL 6078032, at *2 (D.Kan. Nov. 21, 2018) (quoting

*Manuel v. Wichita Hotel Partners*, No. 09-1244-WEB-KGG, 2010 WL 3861278,

at *2 (D. Kan. Sept. 20, 2010)).

Plaintiffs make no attempt to address the "good cause" standard under

Fed.R.Civ.P. 16, nor does their motion even mention this relevant Federal Rule.

As noted above, the deadline to move to amend expired on November 15, 2019,

pursuant to the original Scheduling Order.  (Doc. 36, at 7; Doc. 50, at 5.)  Plaintiffs

filed the present motion a week shy of **10 months after the expiration of this**

**deadline**.

While Plaintiffs do not specifically discuss the "good cause" standard to

amend the Scheduling Order, the Court finds that the facts contained in their

motion establish that good cause <u>does</u> exist to add Ms. Makekau as a Defendant.

Plaintiffs indicate that they learned during the course of discovery – <u>which</u>

<u>continued until at least August 7, 2020</u> – that Defendant Flemming was married to

Ms. Makekau in May 1999.  The marriage thus predates Flemming's acquisition of

the property at issue as well as his subsequent transfer of that property to GuyCat,

and the 2011 sale of the property to the Plaintiffs.  Plaintiffs also indicate that they

learned through the course of discovery that USAA paid insurance proceeds, as a

result of the loss of the residence located on the Property, to both Flemming and

Makekau.

As such, the Court finds that Plaintiffs have established good cause to amend the Scheduling Order to move to amend the Complaint to include Makekau in their previously existing claim for unjust enrichment by her alleged retention of the insurance proceeds.  The Court also finds that the issue of partitioning the property at issue is integral to the quiet title action brought by Plaintiffs.  As such, good cause exists to amend the Scheduling Order to allow Plaintiffs to move to amend their Complaint to include language requesting a partition of the property at issue, if necessary.

Now that good cause has established under Fed.R.Civ.P. 16, the Court engages in analysis under Fed.R.Civ.P. 15(a).  This Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Further, the court should freely give leave shall when justice so requires."  *Id*.  The granting of an amendment is within the sound discretion of the court.  *See **First City Bank, N.A., v. Air Capitol Aircraft Sales, Inc***., 820 F.2d 1127, 1132 (10th Cir. 1987).

The United States Supreme Court has, however, indicated that the provision "leave shall be freely given" is a "mandate . . . to be heeded."  ***Foman v. Davis***, 371 U.S. 178, 182 (1962).  "In determining whether to grant leave to amend, this Court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and

8

the futility of amendment." *Id.*, at 182; *see also **Jarrett v. Sprint/United Mgmt. Co.***, No. 97–2487–EEO, 1998 WL 560008, at *1 (D. Kan. 1998).

In this regard, Defendant contends the motion is brought only with the purpose of harassment and intimidation. (Doc. 68.)  The Court finds, however, that the evidence establishes the contrary.  As discussed above, discovery that continued into August 2020 established facts regarding Flemming and Makekau's marriage that relate to Plaintiffs' newly proposed amendments.  There is no evidence of undue delay.  Further, there is no indication of bad faith or dilatory motive by Plaintiffs.  The Court acknowledges the potential prejudice to Defendant by allowing an amendment at this stage of the proceedings.  That stated, any potential prejudice is outweighed by the substantial prejudice to Plaintiffs if the requested amendment were to be denied.  Plaintiff's motion is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Doc. 65) is **GRANTED**.  Plaintiffs are directed to file their proposed Amended Complaint, in form attached to their motion, forthwith.

IT IS SO ORDERED.

Dated this 21st day of October, 2020, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE