IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRAIG A. BATES and
KARLA R. BATES,

        Plaintiffs,

v.                                                               Case No. 19-1101-JWB

GUY M. FLEMMING, KATHRYN MAKEKAU,
and GUYCAT, LLC,

        Defendants.

## MEMORANDUM AND ORDER

This case comes before the court on Plaintiffs' motion for partial summary judgment on their quiet title claim and memorandum in support. (Docs. 101, 102, 103.) No responses have been filed and the time for doing so has now passed. Plaintiffs' motion is GRANTED for the reasons set forth herein.

### I.    Facts and Procedural History[1]

Plaintiffs Craig Bates and Karla Bates (referred to throughout as "Plaintiffs") are husband and wife and reside in Pratt, Kansas. Defendant Guy Flemming and Kathryn Makekau are also husband and wife and they reside in North Carolina. Prior to living in North Carolina, Flemming and Makekau resided in Pratt. Defendant GuyCat, LLC, is a forfeited Kansas Limited Liability Company and Flemming was its only member. Flemming and/or GuyCat has owned twenty-two properties in Kansas. (Doc. 96 at 3.)

---

[1] A large portion of this recitation is taken from this court's previous memorandum and order ruling on prior motions (Doc. 96).

1

In 2004, Flemming purchased real property located at 211 Austin in Pratt, Kansas (the "property"). At that time, he was married to Makekau. Flemming took out a mortgage on the property with Armed Forces Bank NA ("AFB"). On January 30, 2006, Flemming executed a general warranty deed transferring his interest in the property to GuyCat. Makekau was not listed on any of the deeds pertaining to the Pratt property and was not a party to the mortgage. On April 15, 2011, Plaintiffs and Flemming entered into a seller-financed Agreement for Deed Contract (the "contract") for the purchase of the property. The contract identifies Flemming as the seller and Plaintiffs as the purchasers. Under its terms, the purchase price of the property was $60,000. The interest rate on the loan was fourteen percent per annum. In addition to the monthly payment of principal and interest, Plaintiffs were required to pay monthly payments toward the maintenance of a fire insurance policy and property taxes. (*Id.* at 4.)

On January 25, 2018, the property was completely destroyed by fire. The fire also resulted in the deaths of Plaintiffs' daughter and four grandchildren. At the time of the fire, Plaintiffs had made all of the required monthly payments on the property. On the day of the fire, Flemming made a claim with USAA. On February 6, 2018, USAA paid $256,000, to Flemming, Makekau, and AFB. AFB retained $15,355.40, which was the outstanding mortgage balance, and Flemming and Makekau received $240,644.60. Flemming and Makekau then used the proceeds to pay for a new residence for themselves in North Carolina. They refused to give Plaintiffs any portion of the proceeds. (*Id.* at 6.) Plaintiffs remain in possession of the property and have continued to care for the property after the fire. (Doc. 102 at 4.) Plaintiffs maintain a large cross and memorial on the property for their daughter and four grandchildren who perished in the fire. (*Id.*)

In April 2019, Plaintiffs filed this action against Guy Flemming and GuyCat, LLC, in state court and it was removed to this court. (Docs. 1, 5.) When the action was originally filed, both

Flemming and GuyCat were represented by counsel and filed answers. (Docs. 30, 32, 33.) Counsel were later allowed to withdraw. (Doc. 49.) Flemming then registered as a pro se participant on CMECF so that he could receive electronic notifications from this case. (*See* docket entry on March 11, 2020.) Flemming actively participated in the defense of this case until early 2021. On October 23, 2020, Plaintiffs filed a second amended complaint (the "SAC"). The SAC names Flemming, GuyCat, and Makekau as Defendants. (Doc. 71 at 1.) Plaintiff properly served the SAC on all parties.

A pretrial order was entered on February 18, 2021. (Doc. 79.) Plaintiffs, through counsel, and Flemming appeared at the pretrial conference. Plaintiffs obtained a clerk's entry of default after Makekau failed to appear. (Doc. 91.) Plaintiffs moved for default judgment against Makekau on all claims against her and also moved for partial summary judgment against all Defendants. (Docs. 80, 92.) The court granted the motions in part. Relevant to the current motion before the court, the court held that Plaintiffs were the equitable owners of the property at the time of the fire. The court further held that Flemming was only entitled to retain $6,207.73 of the insurance proceeds as that was the amount outstanding under the contract at the time of the fire. (Doc. 96 at 15-16.) As a result, Plaintiffs were entitled to judgment against Flemming in the amount of $249,792.27. With respect to Makekau, the court held that Plaintiffs were entitled to default judgment in the amount of $239,666.84 on their claim of unjust enrichment. (*Id.* at 18-19.) The court denied Plaintiffs' motion for default judgment on their claim of quiet title against Makekau finding that Plaintiffs had failed to sufficiently allege facts in their SAC which would support judgment against Makekau. (*Id.* at 18.) Notably, the court found that there was no evidence that Makekau had ever claimed an interest in the property and she was not a record owner of the

3

property.  (*Id.*)  In their motion for summary judgment against Flemming and GuyCat, Plaintiffs did not seek judgment on their quiet title claim.

After ruling on the motions, the court held a status conference to discuss the remaining issues in this action.  (Doc. 99.)  Plaintiffs' counsel and Flemming appeared at the hearing.  The parties agreed that the only remaining claim at issue was Plaintiffs' quiet title claim against Flemming and GuyCat.  Plaintiffs have now moved for summary judgment on this claim.  (Doc. 101.)  Plaintiffs served the motion on Flemming along with a notice regarding Flemming's obligations in responding to the motion.  (Doc. 103.)  Flemming has failed to respond to the motion.

**II.** **Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.  *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006).  The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party.  *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004). Even when a dispositive motion is unopposed as in this case, the court remains obligated to determine if the summary judgment motion is properly supported.  *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

**III.** **Analysis**

Kansas's quiet title statute creates a "[r]ight of action" that "may be brought by any person claiming title or interest in personal or real property ... against any person who claims an estate or interest therein adverse to him or her, for the purpose of determining such adverse claim." K.S.A.

4

60-1002(a). Therefore, to proceed on a quiet title action, 1) a person must claim 'title or interest' in the real property; 2) the person against "whom the action is brought must 'claim[ ] an estate or interest therein which is adverse to that of the owner' who filed the action; and [3)] 'the action may be brought for the purpose of determining such adverse claims.'" *Leathers v. Leathers*, 856 F.3d 729, 747–48 (10th Cir. 2017) (quoting *LaBarge v. City of Concordia*, 23 Kan. App. 2d 8, 927 P.2d 487, 494 (1996) (internal quotation marks omitted)). Plaintiffs then have the burden to establish that they have superior title. *Bucklin Nat'l Bank v. Hayse Ranch*, 58 Kan. App. 2d 715, 721, 475 P.3d 1, 6 (2020).

Turning to the first requirement, the court has previously determined that Plaintiffs are the equitable owners of the property. *Minium v. City of Morland*, No. 107,689, 2013 WL 517927, at *5 (Kan. Ct. App. Feb. 8, 2013) (quoting *Graham v. Claypool*, 26 Kan. App. 2d 94, 95–96, 978 P.2d 298 (1999) (discussing a purchaser of real estate under a contract for deed "'becomes the equitable owner of the realty' and the seller is the 'holder of the legal title.'") Moreover, Plaintiffs are currently in possession of the property and have been in possession of the property since the execution of the contract. Next, both Flemming and GuyCat have an interest in the property that is adverse to Plaintiffs based on the fact that GuyCat is the record owner of the property and Flemming is the sole owner of GuyCat and has continued to oppose Plaintiffs' interest in the property.

Finally, the court finds that Plaintiffs have established that they are entitled to be the legal owners of the property. Based on the rulings in the prior order, Plaintiffs have fully satisfied their obligation to Flemming under the contract. Because Flemming has been paid in full for the property, his interest and that of GuyCat's, is not superior to Plaintiffs. Rather, the interest those Defendants held in the property was extinguished after receiving all sums owed under the contract.

*See* Restatement (Third) of Property (Mortgages) § 3.4 (1997) (explaining that a purchaser who is a party to a contract for deed acquires equitable title and immediate possession of real estate and legal title is conveyed on final payment).

Therefore, the court finds that title to the property should be quieted in favor of Plaintiffs against the adverse claims of interest by GuyCat, LLC, and Guy Flemming.

**IV.     Conclusion**

Plaintiffs' motion for summary judgment is GRANTED.  (Doc. 101.)  The clerk is directed to enter judgment in favor of Plaintiffs and the court quiets title in 211 Austin in Pratt, Kansas, in their favor.

IT IS SO ORDERED.  Dated this 20th day of April, 2022.

>   s/ John W. Broomes
> JOHN W. BROOMES
> UNITED STATES DISTRICT JUDGE